Manuel SANCHEZ GOMEZ, aka Sergio E. Meza, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 13–74028.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2016.

Filed April 29, 2016.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

John Blakeley, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON and IKUTA, Circuit Judges, and BLOCK,* Senior District Judge.

MEMORANDUM **

Manuel Sanchez–Gomez appeals the Immigration Judge's (IJ) determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture. We have jurisdiction under 8 U.S.C. § 1252, see *Villa–Anguiano v. Holder*, 727 F.3d 873, 875 (9th Cir.2013); *Ortiz–Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir.2012), and review the IJ's factual determinations for substantial evidence, see *Andrade–Garcia v. Lynch*, 820 F.3d 1076 (9th Cir.2016).

Substantial evidence supports the IJ's conclusion that Sanchez–Gomez failed to establish a reasonable possibility of future persecution on account of a protected ground, see 8 C.F.R. § 1208.31(c), because the evidence demonstrates that the kidnappers targeted Sanchez–Gomez based on his perceived wealth, which "will not support a finding of persecution within the meaning of the [INA]," *In re S–V–*, 22 I. & N. Dec. 1306, 1310 (B.I.A.2000).

Substantial evidence also supports the conclusion that Sanchez–Gomez failed to demonstrate a reasonable possibility of torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir.2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)). No evidence here demonstrates that a government official had "awareness of [torturous] activity and thereafter breach[ed] his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7). Evidence that a government has been generally ineffective in investigating or preventing crime does not suffice to show acquiescence. *Garcia–Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir.2013).

We also deny Sanchez–Gomez's motion for judicial notice of newspaper articles that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION DENIED.**

---

* The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.